CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 6 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSEPH D. SOLOMON, ) | |
| Petitioner, ) | Civil Action No. 7:05CV00351 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BUREAU OF PRISONS, ) | By: Glen E. Conrad |
| Respondent. ) | United States District Judge |

Joseph D. Solomon, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Solomon challenges the Federal Bureau of Prisons' computation of his parole violation sentence. Solomon's petition is presently before the court on the Bureau's motion for summary judgment. For the following reasons, the court will grant the Bureau's motion.

## BACKGROUND

On July 19, 1990, Solomon was sentenced in the United States District Court for the Southern District of Illinois to a non-parolable five-year term of imprisonment for carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), and a parolable six-year term of imprisonment for armed bank robbery, in violation of 18 U.S.C. § 2113. The two sentences were to be served consecutively.

Solomon voluntarily surrendered for service of his sentences on September 6, 1990. Pursuant to Bureau of Prisons Program Statement 5880.30[1] and 18 U.S.C. § 4161 (repealed),[2] the

---

[1] Bureau of Prisons Program Statement 5880.30 provides as follows: "Based on 18 U.S.C. § 4161, consecutive adult sentences, regardless of parole, or non-parole, eligibility involved, are combined (aggregated) into a single sentence for computation purposes." See P.S. 5880.30, Chapter VII, Page 28.

[2] Section 4161 provides that "[w]hen two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deductions shall be computed." 18 U.S.C. § 4161. Although § 4161 was repealed on November 1, 1987, it remained in effect for five years from the date of repeal for individuals who committed offenses prior to November 1, 1987. See Moss v. Clark, 886 F.2d

Bureau combined Solomon's two sentences into a single, aggregate sentence for computation purposes. This resulted in an aggregate sentence of eleven years, or 4018 days.[3] Solomon received ninety-seven days of prior custody credit. As a result, Solomon's full-term release date was May 31, 2001.

Solomon was released on parole on October 27, 1995, after serving 1975 days.[4] While on parole, Solomon was convicted of six counts of bank robbery. Upon satisfaction of his sentence for the bank robbery convictions, the United States Parole Commission executed a parole violator warrant. The Commission ultimately decided to revoke Solomon's parole. The Commission stated in its January 16, 2003 Notice of Action that Solomon would not receive credit for his time spent on parole. Solomon returned to the Bureau of Prisons with a parole violation sentence of 2043 days.[5]

## DISCUSSION

In the present petition, Solomon alleges that the Bureau improperly computed his parole violation sentence. Solomon contends that the number of days should be changed from 2043 to 1460. Solomon's calculation is based on an administrative date that appeared on a prior sentence computation data sheet. The data sheet apparently indicated that Solomon was released from his non-parolable five-year sentence for the § 924(c) violation on September 29, 1993.[6] Based on the

---

686, 689 at n.3 (4th Cir. 1989).

[3] The eleven-year term included three leap years.

[4] The 1975-day total = 97 days of prior custody credit + 1878 days actually served.

[5] The 2043-day total = 4018 days (aggregate sentence) - 1975 days (total number of days served).

[6] Neither the petitioner nor the respondent submitted a copy of the data sheet containing this date. However, it is undisputed that a prior data sheet suggested that the petitioner was released from the five-year sentence on September 29, 1993.

2

data sheet, Solomon contends that he completed his five-year sentence on September 29, 1993, and that he subsequently served two years of his consecutive six-year sentence prior to being released on parole. Therefore, Solomon argues that when his parole was revoked, he should have returned to the Bureau of Prisons with a parole violation sentence of four years, or 1460 days.

In response to the petition, the Bureau emphasizes that Solomon did not actually complete his non-parolable five-year sentence on September 29, 1993, and that this date was used for "administrative purposes only." The Bureau explains that Solomon would have been released to supervision on September 29, 1993, had Solomon's five-year sentence been a "stand alone sentence." However, since Solomon's sentences were aggregated for computation purposes, and since deductions for good time are taken only from the aggregate sentence, the Bureau contends that the September 1993 date was purely "fictional."

Having reviewed the parties arguments and the relevant statutory authority, the court concludes that the Bureau of Prisons accurately calculated Solomon's parole violation sentence. When Solomon surrendered for service of his consecutive sentences on September 6, 1990, the sentences were properly combined into a single, aggregate sentence for computation purposes, in accordance with 18 U.S.C. § 4161 (repealed) and Bureau of Prisons Program Statement 5880.30.[7] This resulted in an aggregate sentence of 4018 days. Solomon was released on parole on October 27, 1995, after serving 1975 days. Thus, at the time Solomon was released, he had 2043 days remaining to serve on his aggregate sentence. When Solomon's parole was revoked, he received no

---

[7] Any credits for good time would have been deducted from Solomon's single, aggregate sentence, rather than his individual sentences. See 18 U.S.C. § 4163 ("[A] prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."). Therefore, as the Bureau explains, Solomon did not actually complete his non-parolable five-year sentence for the § 924(c) violation on September 29, 1993.

3

credit for his time on parole. Therefore, Solomon returned to the Bureau of Prisons with a parole violation sentence of 2043 days.

For the reasons stated, the court concludes that the Bureau of Prisons did not err in computing Solomon's parole violation sentence. Accordingly, the court will grant the Bureau's motion for summary judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 6th day of December, 2005.

/s/ Glen E. Conrad
United States District Judge